## Lillian B. Hall, Plaintiff in Error, v. Nigle B. Hall, Defendant in Error.

### Gen. No. 4,963.

DIVORCE—*what does not bar, for extreme and repeated cruelty.* No matter how many times the parties may have been married and divorced upon the ground of extreme and repeated cruelty, the right to a divorce arises upon a recurrence of extreme and repeated cruelty following a new ceremony.

Divorce. Error to the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded with directions. Opinion filed March 24, 1909.

GEORGE W. WOOD, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Lillian B. Hall, plaintiff in error, filed a bill in chancery against Nigle B. Hall, defendant in error, for a divorce on the ground of extreme and repeated cruelty.

The defendant's default having been entered, the bill was taken *pro confesso* and upon an *ex parte* hearing, except that an attorney at law was appointed by the court to cross-examine the witnesses, a decree was entered dismissing the bill for want of equity at complainant's costs. The complainant has sued out a writ of error to this court to reverse that decree.

From an examination of the record it appears the complainant had in 1898 secured a decree of divorce from the defendant in the state of Iowa on the ground of cruelty; that the complainant had two children, the fruit of that marriage; that in 1902 one of the children, aged about seven years, in the custody of complainant, was very sick, and the defendant came to visit this child at Rock Island, Illinois, which was then and has been since that time the residence of complainant, and

helped to take care of the child; that while the child was sick the defendant made the complainant believe he was a different man, and persuaded her to remarry him. After the last marriage the defendant again treated the complainant with great cruelty by lighting matches and holding the burning matches against her face until the skin peeled off, throwing her down, throwing things at her viciously, and using the most vile and opprobrious epithets towards her in the presence of the children, without any provocation or misconduct on the part of the complainant. The proof of extreme and repeated cruelty since the last marriage was sufficient to authorize the granting of a divorce. Counsel state that the court denied the relief asked on the ground that the complainant having obtained a former divorce from the defendant for a similar cause, she knew and assumed the risk of his proclivities, and therefore was not entitled to relief in this suit. The questions put to the complainant on the examination by the court would lead to that conclusion. Neither the doctrine of estoppel nor assumed risk applies in such a case, and we know of no equitable doctrine that will deny relief to a wife from extreme and repeated cruelty inflicted by her husband when the same is not provoked by her own misconduct. Such cruelty is a cause for divorce under the statute. The conditions of the marriage contract are the same, without regard to the previous conduct of the parties, no matter how often the ceremony may be repeated. The decree is reversed, with directions to the Circuit Court to enter a decree of divorce according to the prayer of the bill.

*Reversed and remanded with directions.*